**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CYNTHIA LOVE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| CLARENCE IVY SIMMONS, JR. a/k/a | ) |
| COODIE, CHIKE ANTOINE OZAH, and | ) |
| NETFLIX, INC., | ) |
| | ) |
| Defendants. | ) |

**NOTICE OF REMOVAL**

Defendants Clarence Ivy Simmons, Jr. a/k/a Coodie, Chike Antoine Ozah, and Netflix, Inc. ("Netflix") (collectively "Defendants"), pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446(a) and (b), hereby remove the state court action described below, currently pending in the Circuit Court of Cook County, Illinois, to this Court, the Northern District of Illinois, Eastern Division.

**NATURE OF THE CASE**

1. On January 31, 2023, Plaintiff Cynthia Love ("Plaintiff") commenced this action by filing a complaint against Defendants in the Circuit Court of Cook County, Illinois, Law Division captioned *Cynthia Love v. Clarence Ivy Simmons a/k/a Coodie, Chike Antoine Ozah, and Netflix, Inc., Defendants, and Creative Control, LLC, Leah Natasha Productions, Time Studios, and Windy City Films, LLC, Respondents in Discovery*,[1] Case No. 2023-L-000977 (the "State

---

[1] Creative Control, LLC, Leah Natasha Productions, TIME Studios and Windy City Films, LLC are named "merely" as "respondents in discovery"—a "category of non-defendants" who are not parties to this lawsuit. *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1485 n.3 (7th Cir. 1996) (superseded on other grounds). "'Respondents in discovery' are creatures of a special provision of Illinois procedural law'" that, pursuant to *Erie v. Tompkins* and *Hanna v. Plumber*, "simply does not operate" in federal court. *Wisniewski v. City of Chicago*, No. 98 C 7682, 1998 WL 895746, at *1 n.1 (N.D. Ill. Dec. 15, 1998); *Murphy v. Schering Corp.*, 878 F. Supp. 124, 126 (N.D. Ill. 1995). Nor could it: the Court would lack Article III jurisdiction over respondents in discovery—against whom Plaintiff seeks no relief apart from discovery—due to the

Court Action"). Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint and all other pleadings that are in the state court file and available to Defendants are attached hereto as Exhibit 1.

2. The Complaint alleges that Mr. Simmons and Mr. Ozah produced a 2003 music video for Kanye West's song "Through the Wire" that used unflattering video footage of Plaintiff, and that in 2022 certain footage from 2003 was then used in a television production that aired on Netflix, entitled *jeen-yuhs: A Kanye Trilogy* (the "Series"). (Compl. ¶¶ 6, 11-13, 16-17, 23.) The Complaint alleges that this footage from 2003 depicts Plaintiff as "intoxicated, drunk and/or stoned, addicted and/or living in an addiction-fueled lifestyle," that "since being recorded in 2003 [Plaintiff] has made a miraculous transformation" and that this footage is "now-false", defamatory, and portrays her in a false light because she is now sober and employed. (*E.g.* Compl. ¶¶ 19, 20, 22, 24, Counts IV-VI ¶¶ 26-28.) Plaintiff further alleges that she did not consent to the use of her image and likeness in the Series. (Compl. ¶ 24.)

3. Plaintiff asserts eight claims against each Defendant: defamation per se, defamation per quod, false light, unlawful publicity, infliction of emotional distress, civil conspiracy, quantum merit (pled in the alternative), and unjust enrichment.

4. Defendants have provided notice of the filing of this Notice of Removal to Plaintiff by service of a copy of this Notice of Removal, as required by 28 U.S.C. § 1446(d). A true and correct copy of this Notice of Removal, along with a Notice of that filing, also will be filed with the Clerk of Court for Cook County, Illinois, in accordance with 28 U.S.C. § 1446(d).

---

absence of a case or controversy. *Bond v. Wright Med. Tech., Inc.*, No. 12-CV-597-DRH-DGW, 2012 WL 2413051, at *3 (S.D. Ill. June 26, 2012). Accordingly, respondents in discovery "play no part in any removal equation" and are "irrelevant" to this Motion. *Wisniewski*, 1998 WL 895746, at *1 n.1; *Jass*, 88 F.3d at 1485 n.3. In any event, the Respondents in Discovery are also diverse. *See* Declaration of Natalie J. Spears ("Spears Decl.") at ¶ 5.

**TIMELINESS OF REMOVAL**

5. Netflix received service of process on March 22, 2023. Mr. Simmons was served sometime after March 22, 2023. Mr. Ozah has not been properly served to date.

6. Removal is timely pursuant to 28 U.S.C. Section 1446(b) because this Notice is filed within thirty days after service of the Summons and Complaint upon each Defendant.

7. Venue is proper in this Court because Plaintiff filed this matter in the Circuit Court of Cook County, Illinois, which lies within the Northern District of Illinois. *See* 28 U.S.C. §§ 93(a)(1), 1441(a).

**REMOVAL IS PROPER UNDER 28 U.S.C. SECTION 1332(a)**

8. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

9. This Court has diversity jurisdiction and removal is proper under 1332(a) where: (1) the amount in controversy exceeds $75,000, exclusive of interest and costs because the Plaintiff's Complaint alleges damages in excess of $180,000, punitive damages, and attorney's fees against each Defendant; and (2) there is complete diversity between the Plaintiff and Defendants because "no party on the plaintiff's side of the suit shares citizenship with any party on the defendant's side." *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 636 (7th Cir. 2021), cert. denied, 142 S. Ct. 776 (2022). *See also* 28 U.S.C. §§ 1332(a), 1441.

10. Accordingly, this case is properly removed under 28 U.S.C. §§ 1332 and 1441, as this case falls within the Court's diversity jurisdiction.

**A. There is Complete Diversity of Citizenship**

12. Per her Complaint, Plaintiff "was at all times relevant hereto a resident of Cook County, Illinois." (Compl. ¶ 4.)

13. For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1).

14. Netflix is and was, at the time of filing of the Complaint and the filing of this removal, a corporation incorporated under the laws of the State of Delaware with its principal place of business in Los Gatos, California. (Spears Decl. at ¶ 2.) Therefore, Netflix is a citizen of both Delaware and California for diversity purposes.

15. Mr. Simmons is and was, at the time of filing of the Complaint and the filing of this removal, a citizen of New York. (Spears Decl. at ¶ 3.)

16. Mr. Ozah is and was, at the time of the filing of the Complaint and the filing of this removal, a citizen of New Jersey. (Spears Decl. at ¶ 4.)

17. As Plaintiff is an Illinois citizen and Defendants Netflix, Mr. Simmons, and Mr. Ozah are residents of Delaware and California, New York and New Jersey, respectively, no Defendant is a citizen of the same state as Plaintiff.

18. Accordingly, the parties in this action are diverse.

**B. The Amount in Controversy Requirement is Met**

19. Plaintiff's Complaint expressly seeks damages in excess of $180,000—over $30,000 for each of six claims—asserted against each Defendant. *Ad damnum* clauses for two claims asserted against each Defendant also prays for punitive damages, and a third seeks damages for unjust enrichment in an amount "to be determined", in addition to the $180,000 sought from

each Defendant. In the alternative, Plaintiff pled claims for quantum meruit against all Defendants. The properly aggregated claims for damages in excess of $180,000 per Defendant alone satisfies the $75,000 jurisdictional threshold. Plaintiff's pleas for other, unquantified damages—including punitive damages—further support the Court's exercise of diversity jurisdiction.

20. "So long as" the Complaint alleges damages of at least $75,000 for "one count or the proper aggregation of counts", the amount in controversy requirement under 28 U.S.C. § 1332(a) is satisfied. *LM Ins. Corp. v. Spaulding Enterprises Inc.*, 533 F.3d 542, 548 (7th Cir. 2008) (citing *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546 (2005) (Ginsburg, J., dissenting) ("[t]his Court has long held that, in determining whether the amount-in-controversy requirement has been satisfied, a single plaintiff may aggregate two or more claims against a single defendant, even if the claims are unrelated")). *See also Herremans v. Carrera Designs, Inc.*, 157 F.3d 1118, 1121 (7th Cir. 1998) ("The diversity statute confers federal jurisdiction over "civil actions" satisfying the required minimum amount in controversy, 28 U.S.C. § 1332(a), not over counts, thus permitting the plaintiff to aggregate the stakes in his separate claims or counts to come up to the minimum.")

21. **Mr. Simmons:** Plaintiff seeks judgment against Mr. Simmons in excess of $30,000 for each of the following six Counts:

- Count I (Defamation Per Se)
- Count IV (Defamation Per Quod)
- Count VII (False Light)
- Count X (Unlawful Publicity – 735 ILCS 1075 et al.)
- Count XIII (Infliction of Emotional Distress)
- Count XVI (Civil Conspiracy)

5

Thus, together, Plaintiff seeks damages in excess of $180,000 for these six Counts. She also seeks punitive damages for Count I, punitive damages pursuant to 765 ILCS 1075/40(b) for Count X, and her attorney's fees for each of the six Counts. (*Id.*) In the alternative to Counts I, IV, VII, X, XIII, and XVI, Plaintiff seeks damages for quantum meruit "[i]n an amount to be determined". (Count XVII.) In addition to the six Counts or in the alternative to Count XVII, Plaintiff also seeks damages "[i]n an amount to be determined" for unjust enrichment. (Count XX.)

22. ***Mr. Ozah*:** Plaintiff seeks identical damages against Mr. Ozah. (*See* Counts II, V, VIII, XI, XIV, XVI, XVIII, and XXI)

23. ***Netflix*:** Plaintiff seeks identical damages against Defendant Netflix. (*See* Counts III, VI, IX, XII, XV, XVI, XIX, and XXII.)

24. The claims of $180,000 in aggregate against each Defendant well surpass the $75,000 jurisdictional threshold. In addition, as noted, Plaintiff also seeks punitive damages from each of the Defendants for defamation per se and unlawful publicity. Finally, Plaintiff seeks attorney's fees under all Counts. Attorney's fees are available to by statute to the prevailing party in an unlawful publicity action. 765 ILCS 1075/55. "[A]ttorneys' fees up to the time of removal also count toward the jurisdictional amount, and an award of fees is properly considered in addition to compensatory damages" and other remedies. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 512 (7th Cir. 2006) (internal citations omitted).

25. All of these forms of relief—properly aggregated damages of $30,000 per claim on six claims asserted against each Defendant, punitive damages, and attorney's fees—together well exceed the $75,000 jurisdiction threshold. Accordingly, the amount in controversy requirement is satisfied in this case.

## CONCLUSION

26. Pursuant to 28 U.S.C. § 1332(a), this Court has jurisdiction over this action under 28 U.S.C. §§ 1441 and 1446 because, for the reasons set forth above, the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity between Plaintiff and Defendants who are citizens of different states.

27. Defendants, by filing this Notice of Removal, do not waive any defenses or objections available under the law. Defendants reserve the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendants request that the above-captioned action pending in the Circuit Court for Cook County, Illinois, Case No. 2023-L-000977, be removed to this Court.

Dated: April 17, 2023

Respectfully submitted,

*/s/ Natalie Spears*

DENTONS US LLP
Natalie J. Spears
Jacqueline A. Giannini
Victoria J. Noble
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606
312-876-8000
natalie.spears@dentons.com
jacqui.giannini@dentons.com
victoria.noble@dentons.com

**CERTIFICATE OF SERVICE**

      I hereby certify that I caused a copy of the foregoing **NOTICE OF REMOVAL** to be served upon the following via U.S. mail and electronic mail on this 17th day of April 2023:

MCKENNA STORER
Kristin D. Tauras
Andrew W. Bratzel
Joshua S. Worell
33. North LaSalle Street, Suite 1400
Chicago, IL 60602
(312) 558-3900
ktauras@mckenna-law.com
abratzel@mckenna-law.com
jworell@mckenna-law.com
service@mckenna-law.com
Firm No. 04927

                                                                */s/ Natalie Spears*